### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JILLIAN SYMONS** | : | CIVIL ACTION |
| Plaintiff, | : | NO. _____ |
| v. | : | |
| **LEHIGH VALLEY HEALTH NETWORK, INC.** | : | JURY TRIAL DEMANDED |
| Defendant. | : | |

### CIVIL ACTION COMPLAINT - PREGNANCY DISCRIMINATION

Plaintiff Jillian Symons hereby complains as follows against Lehigh Valley Health Network, Inc.:

**I.    PARTIES**

1. Plaintiff is an adult female and citizen of the United States and the Commonwealth of Pennsylvania. She resides in Schuylkill County, PA.

2. Defendant Lehigh Valley Health Network, Inc. ("**LVHN**") is a Pennsylvania non-profit corporation with a registered fictitious name of "Lehigh Valley Health Network."

3. LVHN maintains its headquarters in Allentown, PA, with an address of 2100 Mack Blvd., Allentown, PA 18103.

4. LVHN is comprised of 13 hospital campuses plus numerous health centers, physician practices, rehabilitation locations, ExpressCARE sites and other outpatient care locations in 10 eastern Pennsylvania counties.

5. LVHN is the parent corporation of several different hospitals, including a hospital in

Pottsville, Schuylkill County known as Lehigh Valley Hospital - Schuylkill ("LVH-S").

6. LVHN is an "employer" within the meaning of the federal Pregnancy Discrimination Act because it is engaged in an industry affecting commerce and because it maintained or maintains fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks during the year(s) in question.

7. At all times relevant herein, LVHN acted through its several agents, servants, and employees (including but not limited to those named elsewhere in this Complaint), each of whom acted in the course and scope of their employment for Defendant at all times relevant herein. Defendant is therefore fully responsible for the illegal and discriminatory acts and omissions of the aforesaid employees pursuant to the principle of *respondeat superior*.

8. LVHN is very proud of its purported "Core Values." One of its purported "Core Values" is "**Integrity: Do what's right.**" See https://www.lvhn.org/about-us (last visited 8/22/22).

## II. JURISDICTION AND VENUE

9. The instant action is initiated pursuant to the federal Pregnancy Discrimination Act ("**PDA**"), a 1978 amendment to Title VII of the Civil Rights Act of 1964. See 42 U.S.C. § 2000e(k).

10. This Court may properly maintain personal jurisdiction over LVHN because LVHN's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over LVHN to comply with traditional notions of fair play and substantial justice, satisfying

the standard set forth by the Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945) and its progeny.

11. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of civil rights.

12. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and/or (b)(2), because LVHN resides in and/or conducts business in this judicial district and/or because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

### III.     PROCEDURAL AND ADMINISTRATIVE REQUIREMENTS

13. Plaintiff has satisfied the procedural and administrative requirements for proceeding under the PDA. In particular:

   a.  On or about February 3, 2022, Plaintiff filed a timely written charge of discrimination with the Philadelphia district office of the U.S. Equal Employment Opportunity Commission ("EEOC") where it was assigned charge number 530-2022-02450;

   b.  On or about July 13, 2022, the EEOC issued a Dismissal and Notice of Rights;

   c.  The instant action is timely because it is initiated within ninety (90) days of the receipt of the aforementioned Notice;

    d.    Plaintiff has fully exhausted her administrative remedies.

## IV.    FACTUAL BACKGROUND

14.    Plaintiff incorporates by reference the preceding averments.

15.    Plaintiff was hired in or about July 2019 as a Patient Representative.

16.    In January 2021, she went out on approved medical and maternity leave.

17.    In or about July 12, 2021, shortly before she was scheduled to return, Plaintiff learned that her health insurance had been cancelled.

18.    When Plaintiff checked with the benefits department, she was told her employment had been terminated as of July 1, 2021.

19.    When Plaintiff contacted one of her supervisors, she was told her firing was news to them.

20.    Despite Plaintiff's efforts to correct things, LVHN sent her a letter in August 2021 telling her she was discharged for failing to return after approved maternity leave.

21.    This explanation was entirely pretextual, as Plaintiff was prepared to return - and would have returned - had she not been told was fired before her approved leave had ended.

22.    Plaintiff's firing at the end of her maternity leave is consistent with the hostility she faced after disclosing her pregnancy in 2020.

23.    As soon as she informed her supervisors, she was assigned to work weekends - which she had been rarely assigned before.

24.    When Plaintiff asked to work more hours, one of her supervisors replied, "You can't

be working more than you already are with being pregnant with twins," or "We aren't going to waste time training you in the Emergency Room or Outpatient Surgery when you are pregnant with twins."

25. Another time the same supervisor expressed doubt that Plaintiff would be able to work after having twins, stating that Plaintiff already had one child, how would Plaintiff expect to find childcare, let alone work and care for the babies and her daughter

26. Another time Plaintiff informed the same supervisor that Plaintiff was assigned to work with someone who had just lost her baby. Plaintiff thought working together would be very difficult for the woman, given the tragedy she had just experienced. The supervisor brushed off the concern and did not adjust the assignment.

27. After firing Plaintiff, Defendant had multiple chances to be faithful to its "Core Value" of "Integrity" by making things right and getting Plaintiff reinstated. Defendant was faithless instead.

## FIRST CAUSE OF ACTION
## VIOLATIONS OF THE PDA

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. In terminating Plaintiff's employment because of her pregnancy, Defendant knowingly, purposefully and deliberately violated the PDA.

30. In terminating Plaintiff's employment because of her pregnancy, Defendant engaged in discriminatory practices with malice and reckless indifference to Plaintiff's

federally-protected rights to be free from employment discrimination based on pregnancy.

31. As a result of Defendant's unlawful discrimination, Plaintiff has suffered wage and benefit loss, other pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

**WHEREFORE**, Plaintiff prays that this Court enter an order providing that:

A. Defendant is to be permanently enjoined from discriminating against Plaintiff on any basis forbidden by the PDA;

B. Defendant is to promulgate and/or adhere to a policy prohibiting pregnancy discrimination in the workplace, and ensure this policy is fairly and adequately enforced;

C. Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, interest, salary, pay increases, bonuses, insurance, benefits, training, promotions, lost 401K or retirement benefits, and seniority. Plaintiff should be accorded those benefits illegally withheld from the date her employment was terminated until the date of verdict, and Defendant should be ordered to provide an accounting of all benefits lost by Plaintiff to ensure Plaintiff is made whole if deemed appropriate by the Court;

D. Plaintiff is to be awarded actual damages, as well as damages for the pain, suffering, emotional distress and humiliation caused by Defendant's actions;

E. Plaintiff is to be awarded punitive damages as permitted by the PDA, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious, reckless and outrageous conduct, and to deter Defendant and/or other employers from engaging in such misconduct in the future;

F. Plaintiff is to be accorded equitable or injunctive relief as allowed by applicable law;

G. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law;

H. This Court should grant any and all other such legal or equitable relief as it deems necessary, just, and appropriate;

I. This Court should maintain jurisdiction over the instant action to ensure full compliance with its Orders therein until such time it is satisfied that its Orders and dictates have been complied with in full by Defendant;

J. Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff has also endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

    Respectfully submitted,

    **WEINSTEIN LAW FIRM, LLC**
By:  /s/ Marc E. Weinstein
    Marc E. Weinstein, Esquire
    500 Office Center Drive, Suite 400
    Fort Washington, PA 19034
    267.513.1942 tel
    marc@meweinsteinlaw.com
    Counsel to Plaintiff

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JILLIAN SYMONS

### DEFENDANTS
LEHIGH VALLEY HEALTH NETWORK, INC.

**(b)** County of Residence of First Listed Plaintiff: **SCHUYLKILL COUNTY**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Marc E. Weinstein  WEINSTEIN LAW FIRM, LLC  500 Office Center Dr., Ste. 400, Ft. Washington, PA 19034

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [x] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 2000e(k)

Brief description of cause:
PREGNANCY DISCRIMINATION IN EMPLOYMENT

## VII. REQUESTED IN COMPLAINT:
[x] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.
DEMAND $ _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** [x] Yes  [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE: Aug 29, 2022
SIGNATURE OF ATTORNEY OF RECORD: /s/ Marc E. Weinstein

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _____

Address of Defendant: _____

Place of Accident, Incident or Transaction: _____

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐   No ☐

I certify that, to my knowledge, the within case  ☐ is  /  ☐ is not  related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _____   _____ (Must sign here)   _____
                                *Attorney-at-Law / Pro Se Plaintiff*             *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

A. *Federal Question Cases:*
- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☐ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify):* _____

B. *Diversity Jurisdiction Cases:*
- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: _____   _____ (Sign here if applicable)   _____
                                *Attorney-at-Law / Pro Se Plaintiff*             *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)