UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JILLIAN SYMONS,<br><br>    Plaintiff,<br><br> v.<br><br>LEHIGH VALLEY HEALTH NETWORK, INC.,<br><br>    Defendant. | CIVIL ACTION NO. 3:22-CV-01703<br><br>(MEHALCHICK, M.J.) |

**MEMORANDUM**

  Before the Court is a motion to dismiss filed by Defendant Lehigh Valley Health Network, Inc. ("LVHN"). (Doc. 11). On August 29, 2022, Plaintiff Jillian Symons ("Symons") initiated this action by filing a complaint in the United States District Court for the Eastern District of Pennsylvania alleging that her employment with LVHN was terminated because of her pregnancy in violation of the Pregnancy Discrimination Act (the "PDA"), 42 U.S.C. § 2000e(k). (Doc. 1). On October 27, 2022, the parties stipulated to transfer the case to the Middle District of Pennsylvania. (Doc. 8). The parties have consented to proceed before the undersigned United States Magistrate Judge pursuant to Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). (Doc. 13). For the following reasons, the motion to dismiss shall be DENIED.

**I. BACKGROUND AND PROCEDURAL HISTORY**

  Symons initiated this action by filing a complaint against LVHN in the Eastern District of Pennsylvania on August 29, 2022, for violation of the PDA. (Doc. 1). On September 7, 2022, Symons forwarded a waiver of service to LVHN, which LVHN executed on September 23, 2022. (Doc. 5). On October 27, 2022, the parties stipulated to the transfer of the case to the Middle District of Pennsylvania. (Doc. 8; Doc. 9).

According to the complaint, Symons was hired by LVHN in or about July 2019 as a Patient Representative. (Doc. 1, ¶ 15). In January 2021, Symons alleges she went out on approved medical and maternity leave. (Doc. 1, ¶ 16). Symons asserts that on or around July 12, 2021, shortly before she was scheduled to return, she learned that her health insurance had been canceled. (Doc. 1, ¶ 17). Symons checked with the benefits department and was informed that her employment had been terminated as of July 1, 2021. (Doc. 1, ¶ 18). When she allegedly contacted one of her supervisors about being terminated, Symons was told her firing was news to them. (Doc. 1, ¶ 19). Symons alleges that despite LVHN's efforts to correct things, LVHN sent her a letter in August 2021 telling her she was discharged for failing to return after approved maternity leave. (Doc. 1, ¶ 20). Symons asserts that LCHN's explanation was "entirely pretextual," because she was prepared to return, and allegedly would have returned, had she not been told she was terminated before her approved leave had ended. (Doc. 1, ¶ 21). Symons contends her termination was consistent with the alleged hostility she faced after disclosing her pregnancy in 2020. (Doc. 1, ¶ 22). As relief, Symons seeks injunctive relief and monetary damages. (Doc. 1, at 6-7).

On November 3, 2022, LVHN filed a motion to dismiss, as well as a brief in support. (Doc. 11; Doc. 12). On November 14, 2022, Symons filed a brief in opposition. (Doc. 14). LVHN's motion to dismiss has been fully briefed and is now ripe for disposition. (Doc. 11; Doc. 12; Doc. 14).

## II. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P.

12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations that are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (citing *Phillips v. Cty. of Allegheny*, 515 F.3d 224, at 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'"

*Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

### III. DISCUSSION

Symons alleges one cause of action against LVHN for violations of the PDA. (Doc. 1, ¶ 28-31). Symons alleges that "[i]n terminating [her] employment because of her pregnancy, [LVHN] engaged in discriminatory practices with malice and reckless indifference to [Symons]'s federally-protected right to be free from employment discrimination based on pregnancy." (Doc. 1, ¶ 30). Symons contends that "[a]s a result of [LVHN]'s unlawful discrimination, [Symons] has suffered wage and benefit loss, other pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses." (Doc. 1, ¶ 31).

Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e, as amended by the PDA, prohibits "discriminat[ion] against any individual with respect to . . .

[his or her] compensation, terms, conditions, or privileges of employment, because of the individual's . . . sex." 42 U.S.C. § 2000e-2(a)(1). In 1978, Congress enacted the PDA to amend Title VII's definition section, clarifying

> The terms "because of sex" or "on the basis of sex" include . . . because of or on the basis of pregnancy, childbirth, or related medical conditions; and women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes . . . as other persons not so affected but similar in their ability or inability to work.
>
> 42 U.S.C. § 2000e(k).

The prohibition is breached "whenever an employee's pregnancy [or related medical condition] is a motivating factor for the employer's adverse employment decision." *In re: Carnegie Ctr. Assoc.,* 129 F.3d 290, 294 (3d Cir. 1997). The PDA does not, however, require preferential treatment for pregnant employees. Instead, it mandates that employers treat pregnant employees the same as non-pregnant employees who are similarly situated with respect to their ability to work. *In re: Carnegie Ctr. Assoc.,* 129 F.3d at 297; *see also Tysinger v. Police Dept. City of Zanesville,* 463 F.3d 569, 575 (6th Cir.2006).

To establish a *prima facie* case of employment discrimination under Title VII, a plaintiff must show that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action; and (4) the adverse action occurred under circumstances giving rise to an inference of discrimination. *See Ali v. Woodbridge Twp. Sch. Dist.*, 957 F.3d 174, 180 (3d Cir. 2020) (citing *Makky v. Chertoff,* 541 F.3d 205, 214 (3d Cir. 2008)). A plaintiff alleging employment discrimination, however, is "not required to plead facts to establish a prima facie case under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)." *Lucchesi v. Day &*

*Zimmerman Grp.*, No. 10-4164, 2011 WL 1540385, at *4 (E.D. Pa. Apr. 21, 2011) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)). In the context of an employment discrimination claim, a plaintiff's complaint must meet only "the simple requirements of Rule 8(a)." *Swierkiewicz*, 534 U.S. at 513.

For pregnancy discrimination, the Third Circuit has modified the first element of a prima facie case to "adduce evidence that she was pregnant, and, that the employer knew it." *Doe v. C.A.R.S. Prot. Plus, Inc.*, 527 F.3d 358, 365 (3d Cir. 2008)\ (citation omitted). The second and third elements are self-explanatory, and "[t]he fourth element requires that a plaintiff show some nexus between her pregnancy and the adverse employment action." *Doe*, 527 F.3d at 365.

Moving to dismiss the complaint, LVHN does not contest that Symons's complaint satisfies the first three elements of a *prima facie* claim of discrimination under the PDA: (1) she was pregnant and that her employer knew she was pregnant; (2) she was qualified for her job; and (3) she suffered an adverse employment decision. (Doc. 12, at 7). However, LVHN does dispute whether she has alleged facts to establish the fourth element—a nexus between the pregnancy and the adverse employment action that would permit a factfinder to draw an inference of discrimination. (Doc. 12, at 7); *see Doe*, 527 F.3d at 365. According to LVHN, Symons alleges no discriminatory animus from LVHN, was terminated over six months after going out on maternity leave, and fails to identify any non-pregnant individual who held a similar position and yet was not terminated. (Doc. 12, at 6-7).

LVHN misapprehends what is required to plausibly allege a nexus between pregnancy and an adverse employment action. There are "several ways" to establish nexus

7

– and while any one alone may be sufficiently suggestive of a causal link, causation can also be established holistically "based upon review of all proffered evidence." *Ahern v. EResearch Tech., Inc.*, 183 F.Supp.3d 663, 669 (E.D. Pa. 2016) (citing *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 280 (3d Cir. 2000)); *see also Marra v. Phila. Hous. Auth.*, 497 F.3d 286, 303 (3d Cir. 2007) ("[I]t matters not . . . whether each piece of evidence . . . is alone sufficient to support an inference of causation, so long as the evidence permits such an inference when considered collectively."). The "broad array of evidence [upon which] a plaintiff may rely" to establish a causal nexus includes, *inter alia*, "disparate treatment, whereby a plaintiff shows that she was treated less favorably than similarly situated employees who are not in plaintiff's protected class," *Doe*, 527 F.3d at 366, "temporal proximity between the pregnancy and the adverse act[,]" *Ahern*, 183 F. Supp. 3d at 669 (citation omitted), a "pattern of antagonism," or facts that show an employer gave "inconsistent explanations" for the adverse action. *Farrell*, 206 F.3d at 280, 287 (internal quotation marks and citation omitted).

"[T]here is no bright line rule as to what constitutes un[usually] suggestive temporal proximity . . . ." *LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n*, 503 F.3d 217, 233 (3d Cir. 2007). However, the Third Circuit "ha[s] held that a temporal proximity greater than ten days" is not, by itself, unusually suggestive. *Blakney v. City of Phila.*, 559 F. App'x 183, 186 (3d Cir. 2014) (citing *Farrell*, 206 F.3d at 280). Where "there is no unusually suggestive temporal proximity, courts look to 'the intervening period for . . . circumstantial evidence . . . that give[s] rise to an inference of causation when considered as a whole." *Ellingsworth v. Hartford Fire Ins. Co.*, 247 F.Supp.3d 546, 557 (E.D. Pa. 2017) (alterations in original) (quoting

8

*Marra*, 497 F.3d at 302); *see also Smith v. RB Distribution, Inc.*, Civ. A. No. 20-900, 2020 WL 6321579, at *10 (E.D. Pa. Oct. 28, 2020) (noting that, where the plaintiff cannot produce evidence of "an employer's inconsistent explanation, a pattern of antagonism, or temporal proximity, . . . the evidence may, when taken as a whole, suffice to raise the inference.").

Here, the complaint alleges that Symons went out on approved medical and maternity leave in January 2021, and her employment was officially terminated via letter in August 2021, over six months after she went on maternity leave. (Doc. 1, ¶¶ 16-20). Standing alone, this six-month gap between Symons going on maternity leave and the termination of her employment is outside the limits of what the law will allow parties to rely upon in terms of temporal proximity to establish causation. The complaint attempts to go beyond the mere allegation of temporal proximity by describing events that transpired in 2020, over eight months before her employment was terminated. After disclosing her pregnancy in 2020, the complaint alleges that Symons was assigned to work weekends, which she had been rarely assigned before. (Doc. 1, ¶¶ 22-23). Symons alleges that when she asked to work more hours, one of her supervisors replied, "You can't be working more than you already are with being pregnant with twins," or "We aren't going to waste time training you in the Emergency Room or Outpatient Surgery when you are pregnant with twins." (Doc. 1, ¶ 24). Symons asserts that the same unnamed supervisor allegedly expressed doubt in Symons's ability to work after having twins, stating that Symons already had one child, how would she expect to find childcare, let alone work and care for the babies and her daughter. (Doc. 1, ¶ 25). Symons alleges that she informed her unnamed supervisor that she was assigned to work with someone who had just lost their baby and that Symons thought

working together would be difficult for the other woman. (Doc. 1, ¶ 26). Symons asserts that her unnamed supervisor "brushed off" the concern and did not adjust the assignment. (Doc. 1, ¶ 26).

At this point, the Court is satisfied that Symons has plausibly alleged a *prima facie* case of disparate treatment under the PDA. Symons was out on approved maternity leave in 2021. (Doc. 1, ¶¶ 18-20). According to Symons, her termination was due to her pregnancy. (Doc. 1, ¶ 29). Lastly, the complaint demonstrates a nexus between Symons's termination and her pregnancy. Temporal proximity alone does not establish an inference because months, not days, spanned these acts. (Doc. 1, ¶¶ 16-22). However, a pattern of antagonism against Symons existed because she was allegedly reassigned to work on weekends due to her pregnancy and her supervisors allegedly made derogatory or negative remarks. (Doc. 1, ¶¶ 24-26). Accordingly, Symons has sufficiently pled a claim of discrimination on the basis of pregnancy.

### IV.   CONCLUSION

Based on the foregoing reasons, LVHN's motion to dismiss is **DENIED**. (Doc. 13).

An appropriate Order follows.

Dated: June 8, 2023                           *s/ Karoline Mehalchick*
                                              **KAROLINE MEHALCHICK**
                                              **Chief United States Magistrate Judge**